UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT MISSOURI, | ) |
| Petitioner, | ) |
| | ) No. 04 C 5469 |
| v. | ) |
| | ) Judge John W. Darrah |
| ALAN UCHTMAN,[1] Warden, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Robert Missouri, seeks a writ of habeas corpus against the Menard Correctional Center Warden, Alan Uchtman, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's Motion to Dismiss.

## HISTORY

On March 10, 1998, following a bench trial in the Circuit Court of Cook County, Illinois, Petitioner was convicted of attempt first-degree murder and aggravated discharge of a firearm. On April 29, 1998, Petitioner was sentenced to thirty-two years' imprisonment. Petitioner appealed his conviction and sentence, contending that Public Act 88-680 violated the single subject rule of the Illinois Constitution and that, as a result, the act and statute under which he was sentenced was void. On September 8, 1999, the First District Illinois Appellate Court affirmed Petitioner's conviction and sentence.

On September 29, 1999, petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, raising the same argument in his direct appeal. On February 2, 2000, the Illinois

---

[1]Alan Uchtman is presently the warden of Menard Correctional Center and is substituted for respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

Supreme Court denied the PLA; but pursuant to its supervisory authority, the court directed the Appellate Court to vacate its judgment and reconsider in light of *People v. Cervantes*, No. 87229. On February 23, 2000, the Appellate Court vacated Petitioner's sentence and remanded the case to the Circuit Court for resentencing. On June 29, 2000, the Circuit Court resentenced Petitioner to thirty-two years' imprisonment on the attempt first-degree murder of a police officer charge and ten years' concurrent sentence on three attempt first-degree murder charges. Petitioner did not appeal from the judgment rendered after the resentence.

On December 18, 2001, Petitioner filed his first *pro se* post-conviction petition. On February 4, 2002, the Circuit Court dismissed the petition as frivolous and patently without merit. On October 10, 2003, Petitioner filed his second *pro se* post-conviction petition. On November 10, 2003, the Circuit Court dismissed the petition as frivolous and patently without merit. On March 17, 2004, Petitioner appealed the denial of his second post-conviction petition.

On August 19, 2004, Petitioner filed the instant petition. On January 24, 2005, the Court ordered Respondent to limit its response to whether the petition was timely filed. Subsequently, Respondent filed the instant Motion to Dismiss. Petitioner did not file a response to Respondent's Motion to Dismiss.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Appellate Court affirmed Petitioner's conviction on September 8, 1999. The Illinois Supreme Court subsequently denied Petitioner's PLA but remanded for resentencing on February 2, 2000. On June 29, 2000, the Circuit Court resentenced Petitioner. Petitioner did not appeal the resentencing. Petitioner had thirty days to file such an appeal. *See* Ill. Sup. Ct. R. 606(b). Since Petitioner did not appeal his resentencing, his conviction became final on July 29, 2000. Without any tolling, Petitioner had one year from this date to file a petition for habeas corpus in federal court.

On December 8, 2001, Petitioner filed his first state post-conviction petition. The filing of the state post-conviction petition tolls any further running of the statute of limitations. However, at that time, the one-year statute of limitations for the instant petition had already run because December 18, 2001 is 507 days after his direct appeal became final. Furthermore, any tolling of the statute of limitations based on Petitioner's second post-conviction petition and the appeal of the

3

denial of the post-conviction petition in state court do not render the instant petition timely because the statute of limitations had already run. Accordingly, Petitioner's present petition is untimely.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is granted. Petitioner's petition for habeas corpus is dismissed with prejudice.

Dated: June 9, 2005

JOHN W. DARRAH
United States District Judge